UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30927
Summary Calendar
_____

VAN BROCK; MARIE BROCK,

Plaintiffs-Appellants,

versus

WAL-MART STORES INC, doing business as Sam's Wholesale Club,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(CA-93-155-B-M2)
_____

January 29, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this personal injury action appeal, concerning the exclusion of testimony by a safety expert, Van and Marie Brock contest the grant of a motion in limine and the denial of a motion for reconsideration. We **AFFIRM**.

I.

Van Brock was allegedly injured when he fell over a concrete automobile bumper block, which was painted yellow and positioned at the head of a handicapped parking space in the parking lot of

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

defendant Wal-Mart. Brock claimed, under theories of strict liability and negligence, that the block was dangerous and created a hazard to persons walking in the parking lot.

The parties consented to trial before a magistrate judge. Wal-Mart's motion in limine to exclude any evidence, reference, or jury instruction pertaining to the testimony of Michael J. Frenzel, Brock's safety expert, was granted. Brock moved for reconsideration and submitted the expert's report to the court for review; the motion was denied. Brock then moved to amend the order denying reconsideration in order to allow an interlocutory appeal; that motion was denied also.

A jury found that Wal-Mart was not negligent and that the parking lot was not defective. Judgment was entered for Wal-Mart.

## II.

At issue is whether the district court erred in granting Wal-Mart's motion in limine and in denying Brock's motion for reconsideration. In order to preserve for appeal the denial or granting of a motion in limine, a party must object when the subject covered by the motion arises at trial. *United States v. Graves*, 5 F.3d 1546, 1551-52 (5th Cir. 1993), *cert. denied* ___ U.S. ___, 114 S.Ct. 1829 (1994). Brock has not shown that he made such an objection. He has not provided a trial transcript; nor has he asserted this point in his brief; nor do the minute entries of the trial reflect an objection.

Because Brock did not provide a trial transcript, we obviously do not know what occurred at trial. Restated, this issues has not been preserved. In any event, we will review for plain error.

Under plain error review, Brock must show: "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would `seriously affect the fairness, integrity or public reputation of judicial proceedings'". *Highlands Insurance Company v. National Union Fire Insurance Company of Pittsburgh*, 27 F.3d 1027, 1031-32 (5th Cir. 1994).

Under FED. R. EVID. 702, expert testimony may be allowed "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue". Whether the testimony of an expert witness will assist the jury is within the sound discretion of the trial judge. *Christopherson v. Allied-Signal Corp*., 939 F.2d 1106, 1109 (5th Cir. 1991) *abrogated in part by* *Daubert v. Merrell Dow Pharmaceuticals*, __ U.S. __, 113 S.Ct. 2786 (1993); *United States v. Johnson*, 575 F.2d 1347, 1360-61 (5th Cir. 1978) (citing *Salem v. United States Lines Company*, 370 U.S. 31 (1962)), *cert. denied* 440 U.S. 907 (1979).

Brock's expert was to testify that, based on the absence of bumper blocks other than at the handicapped parking places and on the fact that the yellow paint used to mark the bumper block was the same as that marking the shopping cart corral, lamp base, and the parking lot stripes, it was foreseeable that a preoccupied

3

pedestrian would fail to notice the bumper block, trip and fall. The district court's rulings that the expert testimony "lack[ed] evidence of any scientific knowledge" and would not assist the jury in determining whether it was foreseeable that a pedestrian would "fail to notice the bumper block, trip and fall" were not "clear" or "obvious".  There was no plain error.

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

4